BALLOU *against* SPENCER AND SPENCER.

ASSUMPSIT, tried before ROCHESTER, C. Judge, at the Madison Circuit, on the 7th day of July, 1823.

The action was brought to recover the amount of the following promissory note: "*Lenox, May* 1*st*, 1821. For value received, I promised to pay Ichabod S. Spencer, or bearer, one hundred and fifty dollars, with interest, in one year from date. Witness my hand, ⸱ *William Barrie.*"

The note was endorsed thus: "*I. S. & J. A. Spencer.*"

The declaration in the cause consisted of 3 counts : The first stating the defendants to be partners in law, and to have endorsed the note as such partners : The second stated them to be the bearers of the note, and as such bearers, to have endorsed it, without saying they were partners : The third count consisted of the usual money counts.

It was admitted by the counsel for the defendants, that the endorsement on the back of the note was in the handwriting of one of the defendants, namely, I. S. Spencer,

ALBANY,
Feb. 1825.

Ballou
v.
Spencer.

A and B enter into a contract with C, for a conveyance from him to them of a farm, and that they will pay a part in good negotiable promissory notes to be endorsed by them; *held,* that this does not constitute them special partners, so that one can bind both by an endorsement in the name of both, without the knowledge and assent of the other.

ALBANY,     but denied that the other defendant, J. A. Spencer, was
Feb. 1825.  bound by the endorsement.

Ballou          The plaintiff then offered in evidence a sealed contract
v.          executed by the defendants and one Charles Stroud, in
Spencer.    the words following :

"Articles of agreement, made this 17th April, 1821, be-
tween Charles Stroud of one part, and Ichabod S. Spencer
and Joshua A. Spencer of the other part, as follows : the
said Charles agrees to sell and quit claim his right and title
to lot number eighty-two, in the Canastota tract to the said
Ichabod S. & Joshua A. their heirs and assigns forever, for
one thousand dollars, to be paid as hereafter mentioned ;
and when the payments are made, to give them a quit claim
deed.    And said Ichabod S. & Joshua A. agree to pay said
Charles, as and for the purchase price of said premises, one
thousand dollars, in manner following, to wit : three hun-
dred and forty-four dollars and sixty-seven cents is paid
down, and the residue shall be paid, say in three weeks or
sooner, in good negotiable promissory notes due, or to be
due within one year ; and in cases where said Charles is
not acquainted with the drawers, so as to be satisfied of
their responsibility, the said Ichabod S. & Joshua A. shall
endorse said notes.    The said Ichabod S. & Joshua A. to
have the possession or use and profits of the premises, from
henceforth, and the said Charles to take the same on equa.
shares, for one year : the above contracted land only in
cludes one hundred and thirty-six acres, which the said
Charles is now possessed, so that he excepts Eleazer Lewis's
twenty acres, and Job Lockwood's thirty-six acres, sixty
one-hundreths, to convey himself.    In witness, &c."

The plaintiff then proved by Charles Stroud, a party to
this contract, that the note in question was delivered to him
by Ichabod S. Spencer, one of the defendants, in part pay of
the purchase money, for the land mentioned in the contract,
and in compliance with that part of the contract, which
states that good negotiable promissory notes should be turn-
ed out in payment for the land ; that he received this on the
contract ; that it was endorsed at his request, by Ichabod S.
Spencer, one of the defendants, in the name of both ; that

J. A. Spencer was not present when he received the note from I. S. Spencer, and he did not know that he knew of the endorsement.

The Judge determined, that the evidence was not sufficient to entitle the plaintiff to recover of J. A. Spencer, and ordered the plaintiff to be nonsuited for this cause; with leave to make a case for the opinion of the Supreme Court. The plaintiff accordingly, under the direction of the Court, was nonsuited, with leave to move to set the nonsuit aside.

*C. P. Kirkland,* for the plaintiff, insisted that by the agreement with Stroud, the defendants became partners, *pro hac vice.* One was, therefore, authorized to endorse in the name of both. Each trusted the other to do any act in performance of the contract, which contemplated a joint endorsement. One might doubtless have paid in the joint property of both; and a release of the covenant by one would have bound the other.

But if the defendants were not constituted special partners by the agreement, it is presumable from the facts proved, that J. A. authorized I. S. Spencer to endorse in the name of both; and the Judge should, at least, have left the cause to the jury upon the question of this fact. (*Ely* v. *Adams,* 19 John. 313.)

*J. A. Spencer,* contra. There is no evidence that the defendants were ever partners as averred in the first count, or that they were bearers as averred in the second. I. S. Spencer had no right under the agreement, to use the other defendant's name, by endorsing it upon a note. As well might it be said, that he could bind his joint contractor in the agreement by any other new and distinct contract. The endorsement spoken of by the agreement is, in its nature, the actual endorsement of both. The note was payable to I. S. Spencer alone. He was the owner. Taking the agreement in reference to such a note, it could mean only a second endorsement by the other defendant, I. S. Spencer being liable in the first instance. It does not appear, that the other defendant ever saw or heard of the note in question.

Beside, there was no demand of payment or notice to the endorser proved. The nonsuit is not confined by the case to the question of partnership; but goes upon the whole case.

*Kirkland*, in reply, said the want of demand and notice not being made a point at the trial, could not now be insisted on.

SAVAGE, Ch. J. I think the nonsuit was right. There is no evidence whatever in the case, to show that the defendants were partners. The agreement did not make them so; nor their joint interest in the land purchased of Stroud. The note in question was payable to I. S. Spencer, alone. J. A. Spencer is not shown to have had any interest in it. There is no ground whatever to charge him; nor, indeed, either of the defendants; for no demand upon the maker, or notice to the endorser was proved, or any excuse shown for the omission.

SUTHERLAND, J. concurred.

WOODWORTH, J. (*dissenting.*) The defendants agreed to purchase a lot of land of Charles Stroud for $1000; a part of the consideration to be paid down, and the residue in negotiable promissory notes. In cases where Stroud was not acquainted with the drawers, and not satisfied of their responsibility, the defendants stipulated to endorse. This contract constituted a joint concern in the purchase, and in the securities to be given for the payment. A partnership may exist in a particular concern or business, which, although it does not make out a general partnership, the partners are liable, where the business is connected with such particular concern. A general rule applicable to both general and special partnerships is, that in transactions relating to the joint concern, one of several partners may bind the rest. He may issue notes and endorse bills for the common benefit, without applying to the rest in every particular case. In special partnerships, the power of the individuals composing them, can only be exercised within the compass of that particular business to which the partnership relates. It is

analogous to the power of an agent appointed for a special purpose, who, if he exceed his authority, cannot bind his principal. This doctrine is well settled by a variety of cases. (*Livingston* v. *Rosevelt*, 4 John. 251. 1 Esp. Rep. 30. 3 D. & E. 757.) If, then, one individual, in a limited partnership or concern, may endorse notes for the common benefit in relation to that concern, I apprehend there can be no doubt of the right of either of the defendants to make the endorsement in question. It was authorized not only by the fact, that they were joint purchasers, and were jointly to make payment, but by an express covenant that the defendants should endorse, if the responsibility of the drawers was not satisfactory to the person of whom they purchased. Within the principles laid down, and the authority derived from the special agreement between the parties, either of the defendants was authorized to endorse for both. Whether J. A. Spencer was present, or subscribed his name, is immaterial. In judgment of law, the endorsement was obligatory on both.

The note was received in part payment, and endorsed at the request of Stroud. The contract was thereby executed on the part of the defendants, and placed them on the footing of endorsers.

It does not appear by the case that any question was raised at the trial, whether the note could be given in evidence under the counts in the declaration, or whether there had been a demand and notice. As to the first, the evidence supported the second count, which avers that the defendants, being bearers of the note, endorsed it, without saying they were partners. It was sufficient to show that the endorsement was legally binding on both defendants. No objection appears to have been made at the trial, on this ground. From the case it may be inferred, that proof of a demand and notice were not offered, in consequence of the decision of the Judge, that J. A. Spencer was not liable. The endorsement was considered as not binding on him. Had this been correct, it was useless to produce evidence of a demand and notice.

Under the circumstances, it cannot now be determined, whether the plaintiff could prove a demand and notice, or

ALBANY,     not. The presumption is that this question was not raised,
Feb. 1825.  as the Judge evidently disposed of the cause on another
            ground. I think the nonsuit should be set aside and a new
Jackson     trial granted, with costs to abide the event.
v.
Loomis.                                        Motion denied.